# United States Court of Appeals
## For the First Circuit

No. 26-9001

LOLONYON Y. AKOUETE,

Appellant,

v.

NATHANSON & GOLDBERG, P.C.; THE MOBILESTREET TRUST; JONATHAN GOLDSMITH, Chapter 7 Trustee; TOWN OF WESTBOROUGH,

Appellees.

Before

Rikelman, Aframe, and Dunlap,
Circuit Judges.

**JUDGMENT**

Entered: August 24, 2026

Appellant Lolonyon Akouete ("Appellant") appeals from the Bankruptcy Appellate Panel's (BAP) dismissal of his first-tier bankruptcy-related appeal and from the BAP's denial of his related motion for reconsideration. Appellant appealed to the BAP a bankruptcy court order addressing his "Emergency Motion for Limited Clarification of Preliminary Injunction to Permit Procedural Appearance in Pending State Court Action," through which the bankruptcy court kept in place directives regarding Appellant's actions in a related state court case initiated after bankruptcy proceedings had commenced. The BAP dismissed the appeal for lack of finality.

After this appeal was opened, the court entered an order to show cause ("OSC") directing Appellant to explain why this appeal also should not be dismissed for lack of finality. See Bullard v. Hyde Park Sav. Bank (In re Bullard), 752 F.3d 483, 485 (1st Cir. 2014) ("We have noted that an order of the BAP cannot be final unless the underlying bankruptcy court order is final."); Watson v. Boyajian (In re Watson), 403 F.3d 1, 4 (1st Cir. 2005) ("[T]his Court has jurisdiction only if the underlying bankruptcy court order is in fact final."). Appellant timely filed a response to the OSC. We have reviewed that response and all other filings made by Appellant.

With the specific arguments set out in his filings, Appellant has failed to allay relevant finality concerns. See 28 U.S.C. § 158 (relevant statutory jurisdictional grant); Bullard, 752 F.3d at 485 (BAP order final only if underlying bankruptcy court order final); Francisco Sánchez v. Esso Std. Oil Co., 572 F.3d 1, 15 (1st Cir. 2009) (explaining that preliminary injunction rulings generally are interlocutory by their very natures); see also U.S. Fid. & Guar. Co. v. Arch Ins. Co., 578 F.3d 45, 55 (1st Cir. 2009) (explaining that party invoking appellate jurisdiction bears burden of establishing that appellate jurisdiction exists); In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 52 F.4th 465, 477 (1st Cir. 2022) ("And when appellate jurisdiction has been called into question . . . this court will generally consider only the rationales offered by the party invoking the court's jurisdiction.").

Therefore, this appeal is **dismissed**. Any and all alternate requests for relief lodged by Appellant in his response to the OSC, to the extent not moot in light of the foregoing, are **denied**. Any remaining pending motions or requests, to the extent not moot in light of the foregoing, also are **denied**.

**Dismissed**.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Westborough SPE LLC
Lolonyon Y. Akouete
Jonathan R. Goldsmith
Christine E. Devine
Angelina M. Savoia
Richard King